UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JUAN REYES,

        Petitioner,                                  Case No. 1:07-CV-1039
                                                      Case No. 1:08-CV-282

v.                                                         Hon. Richard Alan Enslen

United States of America,

        Respondent.                                 **FINAL ORDER**
_____/

       Petitioner Juan Reyes, acting *pro se*, has filed two petitions for relief under 28 U.S.C. § 2241. Ordinarily, petitions under 28 U.S.C. § 2241 are adjudicated by the district court for the district in which the petitioner is imprisoned because that district court, and not the sentencing district, has jurisdiction to grant such relief. *See Martin v. Perez,* 319 F.3d 799, 802 (6th Cir. 2003). When a section 2241 action is filed in the wrong district, then 28 U.S.C. § 1631 authorizes this Court to transfer the action to the proper district if the transfer is "in the interest of justice . . . ." *See Roman v. Ashcroft*, 340 F.3d 314, 329 (6th Cir. 2003); *see also Roggio v. Clark*, 1992 WL 289565, *1 (6th Cir. Oct. 14, 1992) (quoting *Christianson v. Colt Indus. Oper. Corp.,* 486 U.S. 800, 818-19 (1988)). Accordingly, this Court directed the parties by its Order to Show Cause to brief whether the action should be transferred to the Eastern District of Texas or, in the alternative, dismissed. The United States timely responded, requesting dismissal, but Petitioner failed to timely respond.

       Upon review, the Court determines that dismissal, not transfer, is appropriate. In order to vest jurisdiction under section 2241, Petitioner must show that relief under section 2255 was "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(d); *United States*

*v. Peterman*, 249 F.3d 458, 461-62 (6th Cir. 2001).  Petitioner's challenge to the payment schedule does not even purport to show any violation of federal law, let alone a violation not remedial through section 2255.  The Judgment at issue determined an immediate payment schedule under 18 U.S.C. § 3572(d)(1), and, in the absence of immediate payment by Petitioner, it was within the Bureau of Prisons' assigned prerogative to utilize its financial responsibility program to encourage payment.  *See Summersett v. Baucknecht*, 496 F. Supp. 2d 636, 639 (D.S.C. 2007) (citing *Coleman v. Brooks,* 133 Fed. Appx. 51, 53 (4th Cir. May 24, 2005)).  *See also Martin v. United States*, 2006 WL 231485, *3 (N.D. W.Va. Jan. 31, 2006) (citing with approval *Blaik v. United States,* 161 F.3d 1341, 1342-43 (11th Cir. 1998) and *Cox v. Warden, Federal Detention Center,* 911 F.2d 1111, 1114-15 (5th Cir. 1990) for the proposition that the district court lacks jurisdiction under section 2241 to entertain a challenge to a fine).  As such, the Petition should be dismissed due to lack of jurisdiction and since transfer is not "in the interest of justice."

**THEREFORE, IT IS HEREBY ORDERED** that the instant section 2241 Petition is **DISMISSED** due to lack of jurisdiction.

DATED in Kalamazoo, MI:  
    May 13, 2008

      /s/ Richard Alan Enslen  
RICHARD ALAN ENSLEN  
SENIOR UNITED STATES DISTRICT JUDGE