UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. 1:07-CV-1039<br>Case No. 1:08-CV-282 |
| v. | Hon. Richard Alan Enslen |
| JUAN REYES, | |
| Defendant. | **ORDER** |

_____/

Defendant Juan Reyes proceeding *in forma pauperis* has requested that the Court reconsider its Final Order dismissing his petition under 28 U.S.C. § 2241 and instead interpret the habeas petition as a Federal Rule of Civil Procedure 60(b) motion in his criminal case (case no. 1:93-cr-16) in a manner to justify relief. For the reasons which follow, the Motion for Reconsideration is denied.

Pursuant to Western District of Michigan Local Civil Rule 7.4(a), reconsideration is appropriate only when the movant "demonstrate[s] a palpable defect by which the Court and the parties have been mislead . . . [and] that a different disposition must result from the correction thereof." *See also* W.D. Mich. LCrR 47.3(a). Defendant's Motion fails to meet this standard and also the standards for relief under Federal Rule of Civil Procedure 60(b).

More particularly, Defendant admits in his Motion that he brought these actions under 28 U.S.C. § 2241 without jurisdiction, but asks the Court to construe the Motion as something it was not–a Rule 60(b) motion. Such a contrary construction of pleadings is prohibited because it would threaten the due process interests of other parties. *See Erwin v. Edwards*, 22 Fed. Appx. 579, 579-80 (6th Cir. Dec. 4, 2001) *(*citing *Wells v. Brown,* 891 F.2d 591, 594 (6th Cir. 1989) and *Vector*

*Research, Inc. v. Howard & Howard Attorneys P.C.,* 76 F.3d 692, 697 (6th Cir. 1996)).

Furthermore, since the Motion attacks the substance of the fine previously imposed and upheld after

section 2255 review, Defendant would be required to seek authorization from the Sixth Circuit Court

of Appeals before bringing the successive section 2255 motion.  *See United States v. Carter*, 500

F.3d 486, 489 (6th Cir. 2007).

Finally, were the section 2241 petition construed as a motion under Rule 60(b), it would be

denied as without merit.  Defendant's argument that the Court improperly delegated to the Bureau

of Prisons the job of fixing a payment schedule is factually inaccurate since an immediate payment

schedule was clearly set forth on page 6 of the Judgment.  Defendant's argument that the Judgment

was void because the fine was "waived" is also factually mistaken.  The form language Defendant

refers to on page 7 (the Statement of Reasons page) says "Fine is waived <u>or</u> is below the guideline

range . . ." (Emphasis added.)  This form statement obviously did not intend a waiver of the $25,000

combined fine amount ($20,000 on Count One and $5,000 on Count Two) which was clearly

indicated on page 6, but did effectively communicate that the fine imposed on Count One ($20,000)

was below the fine guideline amount (which was $25,000 to $8,500,000 according to paragraph 128

of the Pre-Sentence Investigation Report.)  There is no error requiring relief.

**THEREFORE, IT IS HEREBY ORDERED** that Defendant's Motion for Reconsideration

(Dkt. No. 13 in case no. 1:07-CV-1039 and Dkt. No. 7 in case no. 1:08-CV-282) is **DENIED**.

/s/ Richard Alan Enslen

DATED in Kalamazoo, MI:       RICHARD ALAN ENSLEN
    June 16, 2008          SENIOR UNITED STATES DISTRICT JUDGE